Argued and submitted June 24, 2021, affirmed February 9, 2022

In the Matter of K. H. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. M. P.,
*Appellant.*

Marion County Circuit Court
20JU00490; A175214 (Control)

In the Matter of A.-J. C. P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. M. P.,
*Appellant.*

Marion County Circuit Court
20JU00491; A175215

504 P3d 1221

Courtland Geyer, Judge.

Kenneth A. Kreuscher argued the cause and filed the brief for appellant.

Jona J. Maukonen, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals the termination of her parental rights to her two sons, K and A.[1] She challenges the juvenile court's finding that she is unfit under ORS 419B.504, and also its finding that termination of her parental rights is in the best interests of the children. On *de novo* review, ORS 419A.200(6); ORS 19.415(3), we affirm, and we write to briefly explain the basis for that ruling, particularly as to the children's best interests.

We describe only those limited facts that will benefit the bench and bar. Both children have severe hemophilia A, which requires significant medical intervention, close monitoring, and a particularly safe physical environment. They also have a variety of developmental issues that require therapies. The children, who were three and two years old at the time of the termination trial, have been in a very stable foster placement for most of their lives. Reviewing the record *de novo*, we conclude, as required by ORS 419B.504, that, despite making some progress, mother is presently unfit by reason of conduct and conditions seriously detrimental to the children and their reintegration into her home is improbable within a reasonable time. That is particularly true given the complex needs of the two children.

We also conclude that termination of mother's parental rights is in the children's best interests, but for different reasons than urged to us by the Department of Human Services (DHS). Our determination of whether termination of parental rights is in a child's best interests requires more than an assessment of the relative merits of their potential adoptive placement and returning them to live with their parents, including when the case involves high needs children like those in this case. Cases where a parent is unfit to be a custodial resource do not present us with a binary choice between terminating the parent's rights or returning the child to that parent's care, nor is adoption the only permanent option available to a child whose parent is unfit. *See generally Dept. of Human Services v. T. M. D.*, 365 Or 143,

---

[1] Father has separately appealed the termination of his parental rights to the children. We affirm that judgment in a decision also released today. *Dept. of Human Services v. J. A. P.*, 317 Or App 525, 505 P3d 473 (2022).

165, 442 P3d 1100 (2019) (adoption is not the only option for achieving permanency for the child of an unfit parent); *Dept. of Human Services v. M. H.*, 306 Or App 150, 164, 473 P3d 1152 (2020) (rejecting the notion that permanency can only be achieved by adoption, and noting that a permanent guardianship is one other potential permanent arrangement); *Dept. of Human Services v. M. A. N.*, 303 Or App 600, 610-13, 474 P3d 506 (2020) (noting that "the importance of permanency cannot be equated with any particular idea of what that permanency should look like" and concluding that termination of parental rights to an unfit parent was not in the child's best interests).

The record in this case is clear that the children are thriving in the care of their foster parents, who wish to adopt them. There are also indications in the record that the foster parents recognize the value to the children of ongoing contact with both parents and are amenable to negotiating an open adoption arrangement. In finding on *de novo* review that termination of mother's parental rights, leading to adoption, is in the children's best interest, we do not place any weight on the testimony from foster mother expressing concern that guardianship, an alternative permanency plan under the statutes, would impede foster parents' ability to parent due to the continuing involvement of DHS with the family and due to lack of permanency. That testimony does not reflect an accurate understanding of a permanent guardianship and does not inspire confidence that DHS has conveyed accurate information regarding the merits and terms of a permanent guardianship. *See generally* ORS 419B.150 (authorizing DHS to place a child in protective custody if it finds that there "is an imminent threat of severe harm to the child[,]" notwithstanding whether the threat is posed by a parent or guardian); *M. H.*, 306 Or App 164 (addressing the parameters of a permanent guardianship).

Protection of a child's best interests includes attention to all of the options for preserving whatever relationship is possible with that child's parent, even if that parent is unfit. DHS bears the burden of establishing by clear and convincing evidence that termination is in the child's best interest. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018). On this record, we are

ultimately persuaded that termination of mother's parental rights is in the children's best interests, but wish to be clear that our conclusion is not based on a finding that it is in the children's best interests to have no contact with mother. Our ruling assumes that what is possible and serves the children's best interests in that regard remains open.

Affirmed.